THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**FEDERICO REYES SERRANO,**

    **Plaintiff,**

    v.

**CONSOLIDATED WASTE SERVICES CORP., et al.**

    **Defendants.**

**Civil No. 16-2448 (ADC)**

## OPINION AND ORDER

On August 5, 2016, plaintiff Federico Reyes Serrano (Reyes) initiated this tort action by filing a complaint against defendants Consolidated Waste Services Corporation (CONWASTE) and its alleged insurer, Triple S Propiedad, Inc. **ECF No. 1**. The complaint alleges that, on March 13, 2013, on the premises of Fort Buchanan in San Juan, Puerto Rico, a truck owned and negligently operated by CONWASTE struck and dragged Reyes while he was walking to work, causing him to lose his left arm and leg. *Id*. at ¶¶ 12-14. The complaint invokes the Court's federal-question jurisdiction pursuant to 28 U.S.C. § 1331 on the ground that Fort Buchanan is a federal enclave over which Congress exercises exclusive legislative jurisdiction pursuant to Article I, Section 8, Clause 17, of the Federal Constitution. *Id*. at ¶¶ 1-3.

On October 3, 2016, defendants timely moved the Court to dismiss the complaint for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). **ECF No. 8**.

In their motion, defendants argue that the Court "lacks exclusive jurisdiction" over the action, that "federal and state courts have concurrent jurisdiction," and that "the instant claim should be resolved in a state court." *Id*. at ¶¶ 16, 20. Defendants also state that the Manager of the Puerto Rico State Insurance Fund, acting as Reyes's subrogee, filed an earlier, parallel suit in local court and that, as a result, this case "should not be allowed" and "should be dismissed with prejudice." *Id*. at ¶¶ 29-32. Reyes timely responded in opposition to the motion. **ECF No. 16**. Defendants then timely replied, with leave of the Court, to Reyes's opposition. **ECF No. 24**. The Court now denies defendants' motion to dismiss.

When reviewing a complaint for lack of subject-matter jurisdiction under Rule 12(b)(1), the Court must accept its well-pleaded facts as true and draw all reasonable inferences in the plaintiff's favor. *Martínez-Rivera* v. *Puerto Rico*, 812 F.3d 69, 73 (1st Cir. 2016) (citing *McCloskey* v. *Mueller*, 446 F.3d 262, 266 (1st Cir. 2006)). The Enclave Clause of the Federal Constitution provides that "[t]he Congress shall have Power . . . [t]o exercise exclusive Legislation in all Cases whatsoever, over . . . all Places purchased by the Consent of the Legislature of the State in which the Same shall be, for the Erection of Forts, Magazines, Arsenals, dock-Yards, and other needful Buildings." *Overseas Military Sales Corp.* v. *Giralt-Armada*, 503 F.3d 12, 14 (1st Cir. 2007) (alterations in original) (quoting U.S. Const. art. I, § 8, cl. 17). It is an "undeniable fact" that "the federal government does possess exclusive jurisdiction over the lands on which Fort Buchanan now lies" because they are a federal enclave. *People* v. *Koedel*, 927 F.2d 662, 665 (1st Cir. 1991);

*see also United States* v. *Bello*, 194 F.3d 18, 23-24 (1st Cir. 1999). And, "[f]ederal courts have federal question jurisdiction over tort claims that arise on 'federal enclaves.'" *Durham* v. *Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006) (citing *Mater* v. *Holley*, 200 F.2d 123, 125 (5th Cir. 1952)) (per Kozinski, J.); *see also* 28 U.S.C. § 5001(b) (providing the relevant cause of action and replacing the former 16 U.S.C. § 457). Moreover, "there is nothing unusual about parallel litigation resolving similar controversies in both state and federal court." *Nazario-Lugo* v. *Caribevisión Holdings, Inc.*, 670 F.3d 109, 114 (1st Cir. 2012). Even when faced with "twin litigation," "federal courts must abide by their 'virtually unflagging obligation' to exercise their lawful jurisdiction and resolve the matters properly before them." *Id.* (quoting *Colo. River Water Conservation Dist.* v. *United States*, 424 U.S. 800, 817 (1976)).

The Court finds that Reyes has pleaded sufficient facts to invoke our subject-matter jurisdiction under 28 U.S.C. § 1331. *See* **ECF No. 1** at ¶¶ 12-14. After all, CONWASTE's tortious conduct allegedly occurred in Fort Buchanan, a federal enclave. *Koedel*, 927 F.2d at 665. "The central principle of federal enclave doctrine is that Congress has exclusive legislative authority over these enclaves." *Allison* v. *Boeing Laser Tech. Servs.*, 689 F.3d 1234, 1237 (10th Cir. 2012); *see also* U.S. Const. art. I, § 8, cl. 17. And, 28 U.S.C. § 5001(b) clearly provides Reyes with a federal cause of action, adopting local substantive law, for his tort claim.[1] Thus, the Court has federal-question jurisdiction over Reyes's claim. *Durham*, 445 F.3d at 1250.

---

[1] Accordingly, defendants are wrong when they claim, in their reply, that victims of torts occurring on a federal enclave do not have a federal cause of action. *See* ECF No. 24, ¶¶ 11-12, 16-17.

Defendants' arguments to the contrary are frivolous.  Their claims against the exclusive jurisdiction of the Court to hear Reyes's complaint do not show, as they maintain at one point, that the Court has "no jurisdiction."  *See* **ECF No. 8** at ¶ 21.  To the contrary, as they repeatedly acknowledge, the Court has, at least, "concurrent jurisdiction."  *Id.* at ¶¶ 12-14, 16, 20; *see also Roberts* v. *USO Council of P.R.*, 145 D.P.R. 58, 70-72 (P.R. 1998).  And, concurrent jurisdiction is still jurisdiction.  *Mims* v. *Arrow Fin. Servs., LLC*, 565 U.S. 368, 372, 376-77 (2012).

Defendants argue, nonetheless, that the Court should dismiss the action with prejudice since a parallel suit is pending in local court.  That argument confuses the law of jurisdiction in two respects.  On the one hand, the mere existence of "parallel litigation" does not excuse the Court from having to "exercise [its] lawful jurisdiction."  *Nazario-Lugo*, 670 F.3d at 114.  Parallel actions are not "an inappropriate attempt for a double compensation," as defendants believe, **ECF No. 8** at ¶ 31, but a common occurrence because "the possibility of a race to judgment is inherent in a system of dual sovereigns," *Potrero Hills Landfill, Inc.* v. *Cty. of Solano*, 657 F.3d 876, 883 n.8 (9th Cir. 2011). On the other hand, even if defendants were correct that the Court lacks jurisdiction to hear this complaint, "the resulting judgment w[ould] (unlike a judgment on the merits) operate without prejudice."  *Hochendoner* v. *Genzyme Corp.*, 823 F.3d 724, 728 (1st Cir. 2016).  After all, "a want of jurisdiction deprives a court of the authority to enter a judgment on the merits of the claims."  *Id.* at 736 (citing *Mills* v. *Harmon Law Offices, P.C.*, 344 F.3d 42, 45-46 (1st Cir. 2003)).  And, so, the Court could not dismiss the action with prejudice.

In sum, the Court hereby **DENIES** defendants' motion to dismiss.  *See* **ECF No. 8**.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 22nd day of March, 2017.

> **S/AIDA M. DELGADO-COLÓN**
> **Chief United States District Judge**